WILLIAM EDWARD STANTON, ESQ. Town Attorney, Stanford
We acknowledge receipt of your letter stating that your town has created a zoning commission pursuant to the provisions of Town Law § 266. You state that the commission as created was to consist of eleven members but that there are now two vacancies on the commission due to resignations. You inquire whether the number of members on the commission can be reduced, and, if so, whether this would be by action of the town board or action by the zoning commission. You also state that the bylaws of the commission which consists of eleven members provide that six members constitute a quorum and that the affirmative vote of six members is required for action. You inquire whether a change may be made in the number constituting a quorum and the number of votes necessary for action.
A zoning commission created pursuant to Town Law § 266 has the duty to make a preliminary report, hold public hearings and submit a final report to the town board before the town board may take action to pass a zoning ordinance.
Town Law § 266 makes no provision for the number of members to be appointed to a zoning commission. In our opinion, a zoning commission so created may consist of any reasonable number of members decided upon by the town board and the town board may, from time to time, increase or diminish the number of members. It might be argued that diminution in the number of members could not be effected as that would result in removal of one or more members of the commission. Without going into the validity of this argument, we point out that in your case the membership can be reduced from eleven to nine without removing any members because there are now two vacancies on the commission and you only contemplate reduction by the number of current vacancies.
General Construction Law § 41 reads, in part, as follows:
 "Whenever three or more public officers are given any power or authority, or * * * are charged with any public duty to be performed or exercised by them jointly or as a board or similar body, a majority of the whole number of such persons or officers, * * * shall constitute a quorum and not less than a majority of the whole number may perform and exercise such power, authority or duty. * * *"
General Construction Law § 110 reads as follows:
 "This chapter is applicable to every statute unless its general object, or the context of the language construed, or other provisions of law indicate that a different meaning or application was intended from that required to be given by this chapter."
In our opinion, bylaws or rules of procedure of a zoning commission, whether adopted by the commission or the town board, can not supersede the provisions of the General Construction Law § 41. Such bylaws or rules of procedure need not go into the question of majority and quorum but if they do, they must conform to the provisions of General Construction Law § 41.
You inquire whether a future change in the total number of members from eleven to nine and the consequent reduction of a quorum and a majority from six to five will have any effect upon prior actions of the commission. In our opinion, it would not. Any actions by the commission prior to the change of authorized membership would have to stand or fall upon he quorum and majority requirements then in effect and any actions subsequent to such a change would depend upon the new number constituting a majority and a quorum. We do not consider that the commission is prevented from reconsidering any matter which was previously before it.